| AO 10<br>Rev. 1/2010 | FINANCIAL DISCLOSURE REPORT<br>FOR CALENDAR YEAR 2009 | *Report Required by the Ethics<br>in Government Act of 1978<br>(5 U.S.C. app. §§ 101-111)* |

| 1. Person Reporting (last name, first, middle initial)<br><br>Gottschall. Joan B. | 2. Court or Organization<br><br>U.S. District Court, NDIL | 3. Date of Report<br><br>06/16/2010 |
|---|---|---|
| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time)<br><br>District Judge--active status | 5a. Report Type (check appropriate type)<br><br>☐ Nomination,  Date<br>☐ Initial  ☑ Annual  ☐ Final<br><br>5b. ☐ Amended Report | 6. Reporting Period<br><br>01/01/2009<br>to<br>12/31/2009 |
| 7. Chambers or Office Address<br><br>219 South Dearborn Street<br>Room 2356<br>Chicago, IL 60604 | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations.<br><br>Reviewing Officer_____ Date_____ | |

***IMPORTANT NOTES:** The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐ NONE *(No reportable positions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1. Member | Visiting Committee to the Divinity School, University of Chicago |
| 2. Member, Board of Directors | Illinois Humanities Council |
| 3. Member, Board of Directors | Martin Marty Center at the University of Chicago Divinity School |
| 4. Member | Friends of the University of Sussex |
| 5. | |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☑ NONE *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
|---|---|
| 1. | |
| 2. | |
| 3. | |

FINANCIAL DISCLOSURE OFFICE  2010 JUN 22 A 9: 01  RECEIVED

Gottschall, Joan B.

| Name of Person Reporting | Date of Report |
|---|---|
| Gottschall, Joan B. | 06/16/2010 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☐ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE | INCOME<br>(yours, not spouse's) |
|---|---|---|
| 1. | See Section VIII, n.1 | $0.00 |
| 2. | | |
| 3. | | |
| 4. | | |

### B. Spouse's Non-Investment Income – *If you were married during any portion of the reporting year, complete this section.*
*(Dollar amount not required except for honoraria.)*

☑ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |

## IV. REIMBURSEMENTS – *transportation, lodging, food, entertainment.*
*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☑ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Gottschall, Joan B. | 06/16/2010 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

☑ NONE *(No reportable gifts.)*

| SOURCE | DESCRIPTION | VALUE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

☑ NONE *(No reportable liabilities.)*

| CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Gottschall, Joan B. | 06/16/2010 |

## VII. INVESTMENTS and TRUSTS – *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g, buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. Vanguard Wellington Fund | B | Dividend | K | T | | | | | |
| 2. Vanguard Wellesley Fund | B | Dividend | K | T | | | | | |
| 3. Vanguard Index Trust | A | Dividend | L | T | | | | | |
| 4. Vanguard Prime Portfolio | A | Dividend | K | T | | | | | |
| 5. US Treasury Strip (11-15-09) | | None | | | Matured | 11/15/09 | J | | |
| 6. Fed Empl Credit Union Accts | A | Interest | J | T | | | | | |
| 7. IBM c/stock | A | Dividend | K | T | | | | | |
| 8. Intel c/stock | A | Dividend | J | T | | | | | |
| 9. Waste Management c/stock | A | Dividend | J | T | | | | | |
| 10. Vanguard Tax-Managed Growth & Income Fund | A | Dividend | J | T | | | | | |
| 11. Hewlett-Packard c/stock | A | Dividend | J | T | | | | | |
| 12. CVS Caremark c/stock | A | Dividend | J | T | | | | | |
| 13. MFS Mid-Cap Growth Fund B | | None | J | T | | | | | |
| 14. MFS Value Fund B | A | Dividend | J | T | | | | | |
| 15. Vanguard Capital Opportunity Fund | A | Dividend | J | T | | | | | |
| 16. BlackRock Large Cap Value | A | Dividend | J | T | | | | | |
| 17. BlackRock Value Opportunities | A | Dividend | J | T | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | | P4 =More than $50,000,000 | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Gottschall, Joan B. | 06/16/2010 |

## VII. INVESTMENTS and TRUSTS – *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | C. Gross value at end of reporting period (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | D. Transactions during reporting period (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
|---|---|---|---|---|---|---|---|---|---|
| 18. I Shares Russell 1000 Growth Index Fd. | A | Dividend | J | T | | | | | |
| 19. I Shares Russell Midcap Index Fd. | A | Dividend | J | T | | | | | |
| 20. I Shares Russell 2000 Growth Index Fd. | A | Dividend | J | T | | | | | |
| 21. Vanguard Intern'l Eq. Idx. Emerg. Mkt. Etf. | A | Dividend | J | T | | | | | |
| 22. I Shares Russell 2000 Index Fd. | A | Dividend | J | T | | | | | |
| 23. I Shares Russell Midcap Growth Index | A | Dividend | J | T | | | | | |
| 24. JP Morgan Growth Advantage Fd. | | None | J | T | | | | | |
| 25. JP Morgan Intrepid Intern'l Fd. | A | Dividend | J | T | | | | | |
| 26. JP Morgan Asia Equity Fd. | A | Dividend | J | T | | | | | |
| 27. JP Morgan Tax Aware Short Intrmed Inc. Fd. | A | Dividend | | | Closed | 06/29/09 | J | | See Part VIII, n. 4 |
| 28. JP Morgan Short Term Muni Bond Fd. | A | Dividend | J | T | Buy | 06/29/09 | J | | See Part VIII, n. 4 |
| 29. JP Morgan Intermed. Tx. Free Bond | D | Interest | M | T | | | | | |
| 30. JP Morgan Tax Aware Real Ret. Fd. | A | Dividend | K | T | Buy | 05/07/09 | J | | Bought more |
| 31. Fidelity Adv. Hi Inc Advantage Fd. | A | Dividend | K | T | | | | | |
| 32. Harbor Fd. Intern'l Fd. Instl Cl | A | Dividend | | | Sold | 04/24/09 | K | | |
| 33. JP Morgan US Large Cap Core Plus | A | Dividend | K | T | | | | | |
| 34. JP Morgan US Equity Fd. | A | Dividend | J | T | | | | | |

| 1. Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Gottschall, Joan B. | 06/16/2010 |

## VII. INVESTMENTS and TRUSTS – *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | C. Gross value at end of reporting period (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | D. Transactions during reporting period (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
|---|---|---|---|---|---|---|---|---|---|
| 35. JP Morgan Intrepid America Fd. | A | Dividend | J | T | | | | | |
| 36. JP Morgan/Chase checking account | A | Interest | J | T | | | | | Constant changes |
| 37. JP Morgan/Chase savings account | A | Interest | M | T | | | | | Constant changes |
| 38. JP Morgan/Chase Money Market Acct | B | Dividend | O | T | | | | | See Part VIII, n.2 |
| 39. JP Morgan Chase 100% US Treasury MM Fd. (investment acct) | | | | | | | | | See Part VIII, n.2 |
| 40. JP Morgan Chase 100% US Treasury MM Fd. (retirement account) | | | | | | | | | See Part VIII, n.2 |
| 41. JPMorgan Short Duration Bd. Fd. | A | Interest | K | T | | | | | |
| 42. Barclays Tips Bd.. | A | Dividend | J | T | | | | | |
| 43. JPMorgan Intern'l Value Fund | A | Dividend | J | T | | | | | |
| 44. JPMorgan Highbridge Stat Mkt Neut Fd | A | Dividend | J | T | | | | | |
| 45. Manning & Napier Fd Inc New Eq Ser | A | Dividend | J | T | | | | | |
| 46. Spdr Tr Unit Ser 1 | A | Dividend | K | T | | | | | |
| 47. Eaton Vance Invt Tr Lg Cap Value Fd | A | Dividend | K | T | | | | | |
| 48. Dodge & Cox Fds Intl Stk Fd | A | Dividend | J | T | | | | | |
| 49. I Shares MSCI Asian Ex Japan | A | Dividend | J | T | | | | | See Part VIII, n. 3 |
| 50. US Treasury Bill, May 14 maturity | A | Interest | | | Buy | 02/17/09 | J | | |
| 51. US Treasury Bill, May 14 maturity | A | Interest | | | Matured | 05/14/09 | J | | |

| 1. Income Gain Codes. (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,000 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Gottschall, Joan B. | 06/16/2010 |

## VII. INVESTMENTS and TRUSTS – *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 52. US Treasury Bill, Aug. 13 maturity | A | Interest | | | Buy | 02/17/09 | J | | |
| 53. US Treasury Bill Aug. 13 maturity | A | Interest | | | Matured | 08/13/09 | J | | |
| 54. US Treasury Bill Oct. 15 maturity | A | Interest | | | Buy | 05/14/09 | J | | |
| 55. US Treasury Bill Oct. 15 maturity | A | Interest | | | Matured | 10/15/09 | J | | |

| | | | | | |
|---|---|---|---|---|---|
| 1. Income Gain Codes. (See Columns B1 and D4) | A =$1,000 or less F =$50,001 - $100,000 | B =$1,001 - $2,500 G =$100,001 - $1,000,000 | C =$2,501 - $5,000 H1 =$1,000,001 - $5,000,000 | D =$5,001 - $15,000 H2 =More than $5,000,000 | E =$15,001 - $50,000 |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less N =$250,001 - $500,000 P3 =$25,000,001 - $50,000,000 | K =$15,001 - $50,000 O =$500,001 - $1,000,000 | L =$50,001 - $100,000 P1 =$1,000,001 - $5,000,000 P4 =More than $50,000,000 | M =$100,001 - $250,000 P2 =$5,000,001 - $25,000,000 | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal U =Book Value | R =Cost (Real Estate Only) V =Other | S =Assessment W =Estimated | T =Cash Market | |

| Name of Person Reporting | Date of Report |
|---|---|
| Gottschall, Joan B. | 06/16/2010 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of Report.)*

NOTE 1 (Section III)

I am a shareholder in a [    ] business as was described fully in my 1991 Financial Disclosure Report and in the October 23, 1991, Opinion of the Committee on Codes of Conduct, which was attached to that Report and is attached hereto. I realized no income from this business during the reporting period.

NOTE 2 (Section VII, ll. 38-40)

The entries on lines 38-40 are money market cash equivalent sweep accounts, meaning that interest, dividends and receipts from asset sales are swept into these accounts, amounts for purchases are taken from these accounts and cash (or its money market equivalent) is held in these accounts. "Transactions" in these accounts take place daily as money is swept in and swept out. I have combined these three sweep accounts into one (line 38) since my broker frequently changes the types of short term money market fund it uses for sweep accounts, and keeping track of these changes is virtually impossible. By combining these entries, I can report more accurately the total assets held in these accounts. The assets reported represent the combined total of these accounts in my retirement and non-retirement accounts.

NOTE 3 (Section VII, l. 48)

This asset was purchased in October 24, 2008 and accidentally omitted from my 2009 Report. Its proper valuation code for the transaction in 2008 was J.

NOTE 4 (Section VII, ll. 27-28)

The fund listed on line 27 was closed. JP Morgan automatically transferred the contents of that fund into the fund listed on line 28, which it viewed as comparable. JP Morgan has informed me that this was a non-taxable event, and was handled by JP Morgan in a way that no profit or loss was realized.

| Name of Person Reporting | Date of Report |
|---|---|
| Gottschall, Joan B. | 06/16/2010 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signa

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

---

## FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544

COMMITTEE ON CODES OF CONDUCT
OF THE
JUDICIAL CONFERENCE OF THE UNITED STATES
FEDERAL BUILDING, LOCKBOX 33
844 KING STREET
WILMINGTON, DELAWARE 19801

JUDGE R. LANIER ANDERSON, III
JUDGE FRANKLIN S. BILLINGS, JR.
JUDGE JOHN P. FULLAM
MAGISTRATE HENRY L. JONES, JR.
JUDGE JOHN B. JONES
JUDGE NATHANIEL R. JONES
JUDGE ROBERT C. JONES
JUDGE HENRY A. POLITZ
JUDGE DAVID SAM
JUDGE ROBERT H. TAKASUGI
JUDGE JOSEPH L. TAURO
JUDGE PATRICIA M. WALD
JUDGE HIRAM H. WARD
JUDGE JAMES B. ZAGEL

JUDGE WALTER K. STAPLETON
CHAIRMAN

TELEPHONE
COM: (302) 573-6148
FTS: 487-6148

R. TOWNSEND ROBINSON
COUNSEL
FTS: 623-8187

October 23, 1991

The Honorable Jean B. Gottschall
United States District Court
219 South Dearborn Street
Chicago, Illinois 60604

Re: Docket No. 828

Dear Judge Gottschall:

In 1986, 1987, and 1988 you, along with ▮ ▮, edited and proofread a manuscript on a non-legal subject written by ▮. The manuscript was published as a book by ▮. The book is selling well enough to produce income for its publisher, author, and editors. ▮ who reside in Canada have proposed formation of a partnership under Canadian laws whose assets will be all the rights to the book. The partners will be ▮ you. After the partnership is formed, it will, in turn, be dissolved and the assets transferred to a Canadian corporation whose shareholders will be the partners of the dissolved partnership. After the partnership is formed, your sole role will be to serve as a shareholder. As a shareholder, you will share in proceeds arising from the sales of the book and the use of the rights to the book. You ask whether you may participate in this arrangement without transgressing either the Code of Conduct for United States Judges or the Ethics Reform Act of 1989.

The receipt of income from writing or editing a book is permitted under the Code of Conduct. Canon 5A says, "A judge may write ... on non-legal subjects." The Committee believes that editing and proofreading are activities covered by the word "writing." And the Committee has approved, at least implicitly, the receipt of income from writing. Advisory Opinion No. 55. There are restrictions on the manner in which a judge's name may be used in the promotion of a book, but, we assume, these restrictions are not likely to be involved in your case since you are not the author and your name is unlikely to be used in connection with selling of the book. Nor is there anything about the nature of the

book, "Food and the Gut Reaction", that suggests your association with the book would "detract from the dignity of the judge's office."  Canon 5A.

Under Canon 5C(2) a judge may serve as a "director [or] active partner . . . of any . . . business wholly owned by [____] [____] [____] [____] all of whom are related to the judge . . . within the third degree . . . according to the civil law system." [____] are related to you within the third degree, and you may be their partner in a [____] business or a shareholder in the [____] corporation.  The language of the Canon permits, a fortiori, your participation as an inactive partner and a non-officer shareholder in a [____] enterprise.  Your participation in the enterprise would not violate your duty under Canon 5C.3 to "manage . . . financial interests to minimize the number of cases in which the judge is disqualified"; this is so because you could not, in any event, hear cases in which [____] have an interest.  Canon 3C1(d).

Finally, the Ethics Reform Act does not generally prohibit either serving as a partner or a shareholder.  There are specific limitations to such activity, but these are not, save one, remotely applicable here.  Regulations of the Judicial Conference of the United States Under Title VI of the Ethic Reform Act of 1989 ("Title VI Regulations").  The Title VI Regulations do bar any service "for compensation as an officer or member of the board of any . . . corporation or other entity."
§ 5(a)(4).  In your case, you will not serve as an officer or board member and the prohibition of § 5(a)(4) does not apply to your proposed activity.

You also should be aware that the Ethics Reform Act limits the amount of outside income earned in any one year.  The income limit is not applicable in your circumstances.  Title VI Regulations § 3(b)(2) provides that "funds received for services rendered . . . before January 1, 1991" are not outside earned income.

The Committee advises that the course of action proposed by you is consistent with the Codes of Conduct and the Title VI Regulations of the Judicial Conference.

For the Committee

